**NOLL, Exrx., Appellant,**

**v.**

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Appellees.**

[Cite as *Noll v. American Tel. & Tel. Co.* (1989), 63 Ohio App.3d 646.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880632.

Decided Dec. 13, 1989.

*Robert A. Linder* and *Stephanie Wyler Linder,* for appellant.

*Vincent E. Mauer,* for appellee Cincinnati Bell Telephone Company.

*Frederick Brockmeier IV,* for appellee American Telephone and Telegraph Company.

*Per Curiam.*

About 4:55 p.m. on November 6, 1985, plaintiff-appellant's decedent, Margaret Mary Bruns, was suffering a heart attack. She picked up her telephone and dialed "0," reaching an operator employed by defendant-appellee American Telephone and Telegraph Company ("AT & T"). Bruns requested a "life squad." The operator connected Bruns with a dispatcher for the Hamilton County Communications Center. The dispatcher requested certain information, including Bruns's address, but Bruns was unable to answer.

The dispatcher asked the operator for the address from which the call originated, but the operator refused to release the information. The dispatcher was then connected with an AT & T service assistant, who stated that she could not release the address without permission from defendant-appellee Cincinnati Bell Telephone Company's security department. The dispatcher was then connected to Cincinnati Bell's Security Department, which released the address at 5:05 p.m. Paramedics arrived at approximately 5:09 p.m., but Bruns expired.

Plaintiff-appellant, executrix of the estate of Margaret Mary Bruns, filed a complaint for damages and injunctive relief, alleging negligence and willful misconduct on the part of defendants-appellees. Both defendants filed motions for summary judgment, which the trial court granted. Appellant timely appealed.

Appellant's sole assignment of error alleges the trial court erred in granting appellees' motions for summary judgment. Appellant's assignment of error is overruled because there is no evidence of a causal connection between the delay in furnishing the requested information and the decedent's death. Assuming, for the purposes of argument, that appellees had a duty to provide emergency telephone service to the decedent, we find no evidence in

the record that any action or inaction on the part of appellees proximately caused Bruns's death.

 We note the trial court did not expressly dispose of appellant's claim for injunctive relief, and that the judgment entry does not contain a Civ.R. 54(B) certification. Even though all claims are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render the remaining claims moot, then compliance with Civ.R. 54(B), providing for a determination that there is no just reason for delay, is not required to make the judgment final and appealable. *General Acc. Ins. Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266; *Wise v. Gursky* (1981), 66 Ohio St.2d 241, 20 O.O.3d 233, 421 N.E.2d 150. It is clear from the instant record that the granting of summary judgment as to appellant's claim for damages rendered moot appellant's claim for injunctive relief. Therefore, the judgment entry constitutes a final, appealable order.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., UTZ and GORMAN, JJ., concur.