DECISION AND JOURNAL ENTRY
{¶ 1} Dave Gromofsky, Beth Gromofsky, John Martin, Glenn Dettman, Gayle Dettman, Cliff Perren, Lora Perren, and Susan Yovichin, Appellants, appeal the decision of the Summit County Court of Common Pleas which denied their motion to intervene. This Court affirms.
 {¶ 2} On May 13, 2003, Appellees-Plaintiffs, Michael Heiney, Linda Heiney, and Heather Heiney filed a complaint against Appellees-Defendants, Janice Godwin and Ray Godwin, alleging that Appellees-Defendants were unlawfully restricting their use of Nettle Road to access Appellees-Plaintiffs' property. During June 2003, the trial court denied Appellees-Plaintiffs' request for a temporary restraining order in order to allow them access to their property via Nettle Road. Appellees-Plaintiffs filed a pretrial brief in August 2003, and served discovery requests upon Appellees-Defendants during September 2003.
 {¶ 3} On October 17, 2003, Appellants filed a motion to intervene with the trial court. The court denied that motion on October 20, 2003 with a handwritten notation by the judge that it was "Too late!" The court had apparently held a pretrial conference in August 2003, and set a trial date for October 21, 2003, though no entries filed on the docket reflected these events. After learning of the denial of their motion to intervene, Appellants, also on October 20, 2003, filed a timely appeal with this Court, requesting a stay of the trial below, and then filed a motion to stay with the trial court. As the trial court had not ruled on Appellants' motion to stay, on October 21, 2003 this Court granted a stay of the trial pending the outcome of this appeal.
 {¶ 4} Appellants raise one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court committed prejudicial error by denying Appellants' motion to intervene[.]"
 {¶ 5} In their only assignment of error Appellants state that the trial court erred by denying their motion to intervene as untimely. Appellants allege that they meet all of the requirements for intervention as of right, and that the judge abused his discretion by finding that their motion was untimely. Specifically, Appellants contend that they had no way to discern the rapidly approaching trial date due to the court's failure to file journal entries regarding the pretrial hearing and trial date.
 {¶ 6} We review a trial court's determination of a motion to intervene for an abuse of discretion. State ex rel. StrategicCapital Investors, Ltd. v. McCarthy (1998), 126 Ohio App.3d 237,247, citing In re Stapler (1995), 107 Ohio App.3d 528, 531. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122. When applying the abuse of discretion standard, an appellate court may not substitute its own judgment for that of the trial court. Id. Upon timely application, Civ.R. 24(A)(2) permits intervention as of right:
"when the applicant claims an interest relating to the property * * * that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Civ.R. 24 should be liberally construed in favor of intervention. State ex rel. Smith v. Frost, 74 Ohio St.3d 107,108, 1995-Ohio-265.
 {¶ 7} Civ.R. 24(A) requires not only that an applicant show that they meet the requirements under the rule, but also that the applicant timely filed their motion for intervention. See Civ.R. 24(A); Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352;Peterman v. Pataskala (1997), 122 Ohio App.3d 758, 761-762. The timeliness of a motion to intervene depends upon the facts and circumstances of each case. State ex rel. First New ShilohBaptist Church v. Meagher, 82 Ohio St.3d 501, 503,1998-Ohio-192, citing Norton v. Sanders (1989),62 Ohio App.3d 39, 42, and NAACP v. New York (1973), 413 U.S. 345, 366,37 L.Ed.2d 648. The court should consider the following factors in making the determination as to timeliness of the motion:
"`(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.'" Meagher,82 Ohio St.3d at 503, quoting Triax Co. v. TRW, Inc. (C.A. 6, 1984), 724 F.2d 1224, 1228.
 {¶ 8} In this particular case, it is undisputed that the matter had proceeded nearly to litigation: the court had scheduled the trial for a mere four days after the court received Appellants' motion to intervene. Also, Appellants knew of the pending suit and their shared interest in that suit at least four months prior to their application to intervene: as early as June 6, 2003 they each individually signed affidavits, for use by Appellees-Plaintiffs in the suit, regarding their personally restricted access on Nettle Road. Appellants may have filed their motion to intervene in order to protect their interests as property owners, yet no explanation exists on the record for why they waited at least four months in order to claim that interest.
 {¶ 9} Finally, had the motion been granted, both Appellees-Plaintiffs and Appellees-Defendants would have been prejudiced by Appellants' failure to promptly file for intervention after Appellants knew of their interest in the suit. Appellees-Plaintiffs and Appellees-Defendants would have been required not only to delay the pending trial and reschedule testimony of their witnesses, but also to virtually begin the suit from the beginning to engage in discovery with additional parties. If Appellants had promptly filed for intervention after learning of their interest in the suit, they could have avoided the delay and prejudice that would have and partially did result.
 {¶ 10} Appellants stress two "unusual circumstances" in this case which they argue support the timeliness of their motion to intervene. First, they had no manner of knowing the trial date due to both the court's failure to make docket entries on the matter and their status as non-parties who did not receive court notices about the suit. Second, Appellants imply that lawsuits generally do not proceed to trial as quickly as this one, and that they, therefore, could not have known of the immediacy of the need to intervene. However, lack of direct notice to a non-party, which potential interveners always are by definition, and early trial dates are not "unusual circumstances," and are not enough to convince this court that the trial court abused its discretion.
 {¶ 11} Given the above factors, we find that the trial court did not abuse its discretion in finding that Appellants' motion to intervene was untimely. Accordingly, Appellants have not met the requisite elements for intervention as of right, and we overrule their assignment of error.
 {¶ 12} We overrule Appellants' assignment of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
Baird, P.J., and Batchelder, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, P.J., Batchelder, J., Concur.