[Cite as *Enervest Operating, L.L.C v. JSMB0912, L.L.C.*, 2018-Ohio-3322.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ENERVEST OPERATING, L.L.C., | : | **O P I N I O N** |
| Plaintiff, | : | |
| BRAD CROMES, PORTAGE COUNTY TREASURER, | : | **CASE NO. 2016-P-0080** |
| Intervenor-Appellee, | : | |
| - vs - | : | |
| JSMB0912 LLC, | : | |
| Defendant/Third Party Plaintiff-Appellant, | : | |
| - vs - | : | |
| CAG PROPERTY 101, LLC, | : | |
| Third Party Defendant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00604.

Judgment: Affirmed.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Intervenor-Appellee).

*Warner D. Mendenhall*, The Law Offices of Warner Mendenhall, 190 North Union Street, Suite 201, Akron, OH 44304 (For Defendant/Third Party Plaintiff-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} JSMB0912, LLC appeals from the grant of summary judgment by the Portage County Court of Common Pleas to Brad Cromes, Portage County Treasurer, on the latter's action for delinquent property taxes. For the reasons that follow, we affirm.

{¶2} This case involves two adjoining pieces of property in Suffield Township, Portage County, Ohio. One evidently contains a manufacturing plant and office building. It was purchased by EnerVest Operating L.L.C. in 2010. The other contains a small sewage treatment plant, servicing the EnerVest facilities. In 2012, EnerVest attempted to purchase the sewage treatment plant from its then owner, CAG Property 101, LLC. The deal fell through, and CAG sold the property to JSMB0912.

{¶3} Evidently, JSMB0912 demanded additional money from EnerVest to use the sewage treatment plant, which EnerVest denied it owed, citing to a 1995 agreement between prior owners of the two properties, which set a perpetual fee running with the land. June 11, 2013, EnerVest filed an action for declaratory judgment and breach of contract against JSMB0912. Eventually, JSMB0912 answered and counterclaimed, and filed a third party action against CAG, the prior owner of the sewage treatment plant, for indemnity and to quiet title.

{¶4} On or about April 25, 2014, EnerVest and JSMB0912 entered a settlement agreement, whereby EnerVest would purchase that portion of the JSMB0912 property containing the sewage treatment plant for $135,000. In September 2014, EnerVest moved the trial court to enforce the settlement. The trial court granted this motion in March 2015. As JSMB0912 continued to balk in fulfilling its obligations under the settlement, the trial court appointed Attorney James Masi as receiver to execute JSMB0912's obligations.

2

{¶5} October 6, 2015, Attorney Masi filed his first report, in which he informed the trial court that the JSMB0912 property had been partitioned, and EnerVest had paid the purchase price. Attorney Masi had recorded the appropriate deeds on or about September 18, 2015. Attorney Masi reported that, after paying certain expenses, he retained $131, 232.73, and requested an order from the trial court regarding its disbursement. JSMB0912 owed $80,218.80 in delinquent taxes, plus interest, fees and penalties on the property in question. The county treasurer moved to intervene in the case in March 2016. JSMB0912 opposed the motion to intervene, which the trial court granted in May 2016. The county treasurer filed his complaint, which JSMB0912 answered.

{¶6} June 21, 2016, EnerVest and JSMB0912 finally entered an agreed judgment entry, whereby each dismissed, with prejudice any and all claims they possessed against each other. This judgment entry contained appropriate findings and language under Civ.R. 54(B), and was final and appealable when entered. Neither party appealed.

{¶7} July 19, 2016, the country treasurer moved for summary judgment. JSMB0912 did not oppose. November 28, 2016, the trial court granted the motion for summary judgment. JSMB0912 timely appealed, assigning five errors.

{¶8} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993 Ohio 195, (***) (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds

3

can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶9} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, (* * *) (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, (* * *) (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, (* * *) (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (* * *) (1996). (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶10} We consider JSMB0912's fourth assignment of error first, since it challenges our jurisdiction. It reads: "The court's order granting summary judgment for Brad Cromes did not contain the language required by Civ.R. 54(B)." Ohio courts of appeal only possess jurisdiction over final appealable orders. *Gaydosh v. Trumbull Cty.*, 11th Dist. Trumbull No. 2016-T-0109, 2017-Ohio-5859, ¶15. Civ.R. 54(B) provides:

{¶11} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter

4

final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶12} As JSMB0912 points out, the trial court's judgment entry in favor of the treasurer does not contain the findings and language required by Civ.R. 54(B). JSMB0912 contends it should have, since its third party complaint against CAG remains pending.

{¶13} We respectfully disagree. JSMB0912's claims against CAG were for indemnification, in case JSMB0912 was found liable to EnerVest, and to quiet title regarding the property on which the sewage treatment plant stands. However, in the June 21, 2016 agreed judgment entry between EnerVest and JSMB0912, each party dismissed, with prejudice, any claim it had against the other. JSMB0912 did not appeal that judgment entry, which did contain Civ.R. 54(B) findings and language.

{¶14} In *Noll v. Am. Tel. and Tel. Co.*, 63 Ohio App.3d 646, 648 (1st Dist.1989), the court held:

{¶15} "We note the trial court did not expressly dispose of appellant's claim for injunctive relief, and that the judgment entry does not contain a Civ.R. 54(B) certification. Even though all claims are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render the remaining claims moot, then

5

compliance with Civ.R. 54(B), providing for a determination that there is no just reason for delay, is not required to make the judgment final and appealable. *General Acc. Ins. Co. v. Insurance Co. of North America* (1989), 44 Ohio St.3d 17, * * *; *Wise v. Gursky* (1981, 66 Ohio St.2d 241, * * *."

{¶16} In *In re Guardianship of Weller*, 2d Dist. Montgomery No. 24337, 2011-Ohio-5816, ¶7, the court held:

{¶17} "'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' *James A. Keller, Inc. v. Flaherty* (1991, 74 Ohio App.3d 788, 791, * * *. 'While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question.' Id. 'It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.' *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, * * *. In other words, an issue is moot when it has no practical significance, being instead merely hypothetical or academic." (Parallel citations omitted.)

{¶18} By dismissing all of its claim against EnerVest, JSMB0912 rendered its claims against CAG moot, and the judgment entry granting the treasurer summary judgment did not require Civ.R. 54(B) findings or language to be final and appealable.

{¶19} The fourth assignment of error lacks merit.

6

{¶20} JSMB0912's first assignment of error reads: "The receiver exceeded the scope of his power by settling the claims between EnerVest and JSMB, and the trial court erred by approving this action without a prior order." It's second assignment of error reads: "TheReceiver exceeded the scope of his authority by withholding funds from JSMB, and the trial court erred by continuing the receivership without any cognizable reason to do so." The receiver was appointed by the trial court to carry out JSMB0912's contractual obligations under the settlement agreement with EnerVest. If JSMB0912 wished to contest any aspect of his conduct, it was required to appeal from the June 21, 2016 agreed judgment entry dismissing all claims between EnerVest and JSMB0912. JSMB0912 failed to appeal that judgment entry.

{¶21} The first and second assignments of error lack merit.

{¶22} JSMB0912's fifth assignment of error reads: "The trial court erred by ordering the June 11, 2013 (Dkt. 5) Temporary Restraining Order, which ordered JSMB to continue to provide an illegal service." In conjunction with its complaint, EnerVest requested a temporary restraining order to prevent JSMB0912 from cutting off its use of the sewage treatment plant. The trial court granted the TRO. JSMB0912 objects that no operator of the sewage treatment plant (or EnerVest) had the proper certifications.

{¶23} Again, this assignment of error goes solely to the dispute between EnerVest and JSMB0912, and the latter was required to appeal from the June 21, 2016 agreed judgment entry settling the parties' disputes if it had any objections.

{¶24} The fifth assignment of error lacks merit.

{¶25} JSMB0912's third assignment of error reads: "The trial court erred in allowing Brad Cromes, Portage County Treasurer, to intervene in the action."

7

**{¶26}** The treasurer had moved to intervene pursuant to Civ.R. 24(A)(2), "Intervention as of right," which provides:

**{¶27}** "Upon timely application anyone shall be permitted to intervene in an action: * * *; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

**{¶28}** In support of its assignment of error, JSMB0912 argues (1) that the treasurer's interest in payment of delinquent taxes would not have been impaired, since JSMB0912 had entered a payment plan with the county; and (2) that the intervention was untimely. JSMB0912 notes that the receiver received payment from EnerVest on or about September 18, 2015, and had filed the necessary deeds regarding partition that same day, but that the treasurer did not move to intervene until March 2, 2016.

**{¶29}** We review a trial court's decision to grant or deny intervention pursuant to Civ.R. 24(A)(2) for abuse of discretion. *Freedom Mtge. Corp. v. Milhoan*, 7th Dist. Columbiana No. 13 CO 15, 2014-Ohio-881, ¶34. Intervention is to be granted liberally. *Id.* The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶30}** We do not find the trial court abused its discretion by allowing the treasurer to intervene. The treasurer had an interest in the funds in the hands of the receiver, since

8

JSMB owed years of delinquent taxes. The trial court could reasonably find that the treasurer's interest in those funds might be impaired if the funds went directly to JSMB0912, which had a history of not paying obligations. Neither EnerVest nor JSMB adequately represented the treasurer's interests. The former's sole interest was to obtain control of the sewage treatment facility. The latter had no particular interest in collecting monies for the treasurer.

{¶31} Nor do we find the intervention untimely. The Supreme Court of Ohio set forth the test for whether intervention is timely in *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998):

{¶32} "Whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. *Norton v. Sanders* (1989), 62 Ohio App.3d 39, 42, * * *; *NAACP v. New York*, 413 U.S. 345, 366, * * *. The following factors are considered in determining timeliness: '(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.' *Triax Co. v. TRW, Inc.* (C.A.6, 1984), 724 F.2d 1224, 1228."

{¶33} Consideration of these factors show that the motion to intervene in this case was timely. The underlying lawsuit between EnerVest and JSMB0912 would not settle until June 21, 2016, whereas the treasurer sought intervention March 2, 2016. The intervention was sought for the proper purpose of procuring delinquent taxes. The earliest

9

the treasurer could have known that the receiver had funds available to satisfy JSMB's tax delinquencies was September 18, 2015: the treasurer sought intervention five and one-half months later. The original parties, EnerVest and JSMB0912 suffered no prejudice due to the intervention. The fact that JSMB0912 had owed taxes for a period of years militated in favor of intervention.

{¶34} At oral argument, JSMB0912 argued that the motion to intervene was untimely, and prejudiced it, because it resulted in a foreclosure action against is property. We have searched the record diligently for evidence of this, but find nothing. If this in happened, JSMB0912 was required to bring it to the notice of the trial court, and place evidence in the record. We are bound by the record, and cannot decide matters not raised in the trial court.

{¶35} JSMB0912 relies on the opinion in *Heiney v. Godwin*, 9th Dist. Summit No. 21784, 2004-Ohio-2117, for the proposition that a four month delay in seeking intervention is unreasonable. *Id.* at ¶2-3, 8. That case is distinguishable: appellants only sought intervention four days prior to trial. *Id.* at ¶8-11.

{¶36} The third assignment of error lacks merit.

{¶37} The judgment of the Portage County court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.