[Cite as *Trickett v. Masi*, 2018-Ohio-4270.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| HOWARD J. TRICKETT, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2018-P-0006 |
| JAMES MASI, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00547.

Judgment: Affirmed.

*Jon A. Troyer,* Jon A. Troyer, Attorney at Law, LLC, 1953 Gulf Street, N.W., Uniontown, OH 44685 (For Plaintiff-Appellant).

*James O'Connor* and *Brian D. Sullivan,* Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Howard J. Trickett, appeals the summary judgment of the Portage County Court of Common Pleas entered against him and in favor of appellee, Attorney James Masi, on appellant's complaint for legal malpractice, breach of fiduciary duty, and conversion. These claims stem from Attorney Masi's performance of his duties as court-appointed receiver in another case, which was the subject of a separate appeal recently decided by this court in *EnerVest Operating, L.L.C. v. JSMB0912,*

*L.L.C.*, 11th Dist. Portage No. 2016-P-0080, 2018-Ohio-3322 ("*EnerVest*"). At issue is whether the trial court erred in entering summary judgment. For the reasons that follow, we affirm.

{¶2} Appellant argues on appeal that his claims arose from the failure of the trial court in *EnerVest* to appoint Attorney Masi as receiver. However, this argument is defeated by this court's findings in *EnerVest*, which, for the reasons discussed below, appellant is precluded from challenging. For its findings, this court stated in *EnerVest*:

> {¶3} This case involves two adjoining pieces of property * * *. One evidently contains a manufacturing plant and office building. It was purchased by EnerVest Operating L.L.C. in 2010. The other contains a small sewage treatment plant, servicing the EnerVest facilities. In 2012, EnerVest attempted to purchase the sewage treatment plant from its then owner, CAG Property 101, LLC. The deal fell through, and CAG sold the property to JSMB0912.

> {¶4} Evidently, JSMB0912 demanded additional money from EnerVest to use the sewage treatment plant, which EnerVest denied it owed * * *. June 11, 2013, EnerVest filed an action for declaratory judgment and breach of contract against JSMB0912. * * *

> {¶5} On or about April 25, 2014, EnerVest and JSMB0912 entered a settlement agreement, whereby EnerVest would purchase that portion of the JSMB0912 property containing the sewage treatment plant for $135,000. In September 2014, EnerVest moved the trial court to enforce the settlement. The trial court granted this motion in March 2015. *As JSMB0912 continued to balk in fulfilling its obligations under the settlement, the trial court appointed Attorney James Masi as receiver to execute JSMB0912's obligations.*

> {¶6} October 6, 2015, Attorney Masi filed his first report, in which he informed the trial court that the JSMB0912 property had been partitioned, and EnerVest had paid the purchase price. Attorney Masi had recorded the appropriate deeds on or about September 18, 2015. Attorney Masi reported that, after paying certain expenses, he retained $131,232.73, and requested an order from the trial court regarding its disbursement. JSMB0912 owed $80,218.80 in delinquent taxes * * * on the property in question. The county treasurer moved to intervene in the case in March

2

2016. * * * The county treasurer filed his complaint, which JSMB0912 answered.

**{¶7}** *June 21, 2016, EnerVest and JSMB0912 finally entered an agreed judgment entry, whereby each dismissed, with prejudice any and all claims they possessed against each other. This judgment entry contained appropriate findings and language under Civ.R. 54(B), and was final and appealable when entered. Neither party appealed.*

**{¶8}** July 19, 2016, the country treasurer moved for summary judgment. JSMB0912 did not oppose. November 28, 2016, the trial court granted the motion for summary judgment. JSMB0912 timely appealed * * *. (Emphasis added.) *EnerVest, supra*, at ¶2-7.

**{¶9}** In *EnerVest*, JSMB0912 challenged, among other things, the appointment and services of Attorney Masi as receiver. This court overruled JSMB0912's assignments of error and affirmed the trial court's judgment.

**{¶10}** On June 21, 2017, one year after EnerVest and JSMB0912 entered the June 21, 2016 agreed judgment entry in *EnerVest,* appellant, Howard J. Trickett, filed the instant complaint on his own behalf against Attorney Masi, collaterally attacking the trial court's appointment of Masi in *EnerVest* and Masi's performance as receiver. Appellant alleged he is a member, principal, and agent of JSMB0912. He alleged the trial court improperly appointed Attorney Masi as receiver in *EnerVest* to perform JSMB0912's contractual obligations. Appellant alleged that, by completing the sale of the property to EnerVest per the settlement agreement, which Attorney Masi was appointed by the court to do, Attorney Masi engaged in legal malpractice, breach of fiduciary duty, and conversion against JSMB0912 and its members. Appellant prayed for compensatory damages against Attorney Masi in the amount of $135,000 (the amount EnerVest paid JSMB0912 for the property) and punitive damages of at least $270,000.

{¶11} Attorney Masi filed a motion to dismiss the complaint, arguing that the complaint failed to state a claim or that the trial court lacked subject-matter jurisdiction because appellant never obtained leave of the trial court to sue the receiver, as required by law. Attorney Masi attached a certified copy of the trial court's docket in *EnerVest* to his motion to dismiss to show appellant never obtained such leave. The trial court subsequently converted the motion to dismiss to a motion for summary judgment and gave appellant an opportunity to respond to it. After considering the parties' filings, the court granted the motion for summary judgment. Appellant now appeals, asserting six assignments of error. Since they are disposed of on identical grounds, they are addressed together. They allege:

{¶12} "[1.] The trial court erred in granting summary judgment without any determination as to whether or not there was a court order appointing a receiver.

{¶13} "[2.] The trial court erred by dismissing the complaint when it did not include the complaint in its consideration.

{¶14} "[3.] The trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction.

{¶15} "[4.] The trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, because it considered and relied upon matters outside the pleadings.

{¶16} "[5.] The trial court erred by dismissing the complaint on summary judgment.

4

{¶17} "[6.] The trial court erred in granting summary judgment when there remains a genuine issue of material fact on whether there was an order of appointment."

{¶18} As a preliminary matter, we note that appellant has failed to cite any case law or other authority holding that a member or agent of a limited liability company, such as JSMB0912, has standing to sue on his own behalf for torts allegedly committed against the company. "A preliminary inquiry in all legal claims is the issue of standing. 'The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented.'" *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶22, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318 (1994). The essence of the standing inquiry is whether the party seeking to invoke the court's jurisdiction has alleged a personal stake in the outcome of the controversy. *Mtge. Electronics Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18. Whether a plaintiff has standing to assert a claim is a matter of law that we review de novo. *Cuyahoga, supra*, at ¶23.

{¶19} A limited liability company, such as JSMB0912, L.L.C., exists as an entity separate from its members and is capable of suing and of being sued. *Disciplinary Counsel v. Kafelle*, 108 Ohio St.3d 283, 2006-Ohio-904, ¶18; *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, ¶36 (O'Donnell, dissenting); *Ogle v. Hocking Cty.*, 4th Dist. Hocking No. 14CA3, 2014-Ohio-5422, ¶25. Thus, members of a limited liability company, even if they are the sole members of the company, do not have standing to sue on its behalf. *Ogle, supra.* This holding applies with greater force here because appellant sued *on his own behalf* for $135,000, the amount allegedly

5

owed to JSMB0912, a separate entity, for the sale of its property. Thus, appellant lacks standing to sue Attorney Masi for torts allegedly committed against JSMB0912. For this reason alone, his assignments of error lack merit.

{¶20} However, even if appellant had standing, his claims against Attorney Masi would be barred by res judicata. As noted above, in *EnerVest*, JSMB0912 challenged Attorney Masi's appointment and services as receiver. This court in *EnerVest* disposed of JSMB0912's assignments of error regarding this challenge, as follows:

> {¶21} JSMB0912's first assignment of error reads: "The receiver exceeded the scope of his power by settling the claims between EnerVest and [JSMB0912], and the trial court erred by approving this action without a prior order." Its second assignment of error reads: "The receiver exceeded the scope of his authority by withholding funds from [JSMB0912] and the trial court erred by continuing the receivership without any cognizable reason to do so." *The receiver was appointed by the trial court to carry out JSMB0912's contractual obligations under the settlement agreement with EnerVest. If JSMB0912 wished to contest any aspect of his conduct, it was required to appeal from the June 21, 2016 agreed judgment entry dismissing all claims between EnerVest and JSMB0912. JSMB0912 failed to appeal that judgment entry.* (Emphasis added.) *EnerVest, supra*, at ¶20.

{¶22} "'Collateral estoppel, an aspect of res judicata, prevents a question that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties *or their privies* in a second, different cause of action. * * *.'" (Emphasis added.) *Machnics v. Sloe*, 11th Dist. Geauga No. 2004-G-2554, 2005-Ohio-935, ¶41, quoting *State ex rel. Brookpark Entertainment, Inc. v. Cuyahoga County Bd. of Education*, 60 Ohio St.3d 44, 46 (1991). "For purposes of res judicata, privity is created by "'a mutuality of interest, including an identity of desired result * * *."'" *Thayer v. Diver,* 6th Dist. Lucas No. L-07-1415, 2009-Ohio-2053, ¶38, quoting *Hempstead v. Cleveland Bd. of Educ.*, 8th Dist. Cuyahoga No.

90955, 2008-Ohio-5350, ¶10, quoting *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Whether res judicata applies in a particular situation is a question of law that we review de novo. *Gilchrist v. Gonsor,* 8th Dist. Cuyahoga No. 88609, 2007-Ohio-3903, ¶18.

**{¶23}** Here, appellant alleged in his complaint that Attorney Masi was not appointed as receiver and that he, i.e., appellant, was damaged by Attorney Masi's performance of services in that capacity. Further, appellant stated in his affidavit on summary judgment that he is "familiar with the proceedings in [*EnerVest*], as [he] was the sole representative, member, and agent for JSMB0912 in [*EnerVest*]." Also, in the instant case, appellant sued for the amount allegedly owed to JSMB0912 for the sale of its property to EnerVest. Thus, appellant and JSMB0912 have a mutuality of interest. As such, appellant is collaterally estopped from challenging this court's finding in *EnerVest* that "[t]he trial court * * * appointed Attorney Masi as receiver to execute JSMB0912's obligations."

**{¶24}** We therefore hold the court did not err in entering summary judgment in favor of Attorney Masi and against appellant.

**{¶25}** For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

7