[Cite as *State v. Smith*, 2026-Ohio-2362.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Plaintiff

    v.

NANCY SMITH

    Appellee

    and

JONATHAN E. ROSENBAUM, et al.

    Appellants

C.A. Nos.     25CA012290
                25CA012292

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    93CR044489
                94CR045368

DECISION AND JOURNAL ENTRY

Dated: June 22, 2026

---

SUTTON, Judge.

{¶1} Appellants the City of Lorain, Mark Carpentiere, Pete Rewak, Russ Cambrare, Estate of Celestino Rivera, and Joel Miller (collectively "City Appellants") and Appellant Jonathan Rosenbaum appeal the denial of motions to intervene in a criminal matter that was previously dismissed with prejudice. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from the 1994 conviction of Appellee Nancy Smith. In 2009, a trial judge acquitted Ms. Smith after she filed a motion for reconsideration based upon a clerical

error in her judgment of conviction. Ms. Smith was released from prison at that time. Two years after being released from prison, the Supreme Court of Ohio determined the trial judge did not have the authority to acquit Ms. Smith. At that time, Ms. Smith entered into a Sentencing Agreement with the State that credited her with time-served in exchange for the waiver of Ms. Smith's rights to raise additional state or federal challenges to her conviction and her waiver of any rights she may have to appeal her conviction or sentence, including any motions for a new trial.

{¶3} J.D. Tomlinson, a newly elected Lorain County Prosecutor, reviewed the evidence in Ms. Smith's case and amended the Sentencing Agreement in 2021 to allow Ms. Smith to file a motion for a new trial. Ms. Smith simultaneously filed a motion for leave to file a motion for a new trial and a motion for a new trial. Mr. Rosenbaum, the original prosecutor on the Smith case, appeared as counsel in the matter for two alleged victims and opposed the motions. Mr. Rosenbaum also argued the amendment to the Sentencing Agreement was invalid and moved to disqualify Mr. Tomlinson from the case. Ultimately, the trial court denied Mr. Rosenbaum's motion to disqualify Mr. Tomlinson, determined the amended Sentencing Agreement was valid, and granted Ms. Smith's motion for new trial.

{¶4} Mr. Tomlinson then moved, pursuant to Crim.R. 48(A), to dismiss the case against Ms. Smith, with prejudice, and to terminate the prosecution. On February 25, 2022, the trial court granted Mr. Tomlinson's motion and declared the amended Sentencing Agreement void ab initio. Ms. Smith filed state and federal lawsuits against Appellants. Mr. Rosenbaum and the City Appellants filed Civ.R. 60(B) motions in the criminal case seeking the reinstatement of the Sentencing Agreement. Those motions were stricken by the trial court because, as non-parties, Appellants lacked standing to seek relief from judgment in the case.

{¶5} Appellants then filed motions to intervene in the closed criminal case. In denying Appellants' motions to intervene, the trial court determined: (1) the motions were untimely; (2) the Smith criminal case was closed and there was no ongoing case in which to intervene; and (3) Appellants failed to comply with the Civ.R. 24(C) requirement that a motion to intervene be accompanied by a pleading described in Civ.R. 7(A).

{¶6} The City Appellants appeal raising six assignments of error for our review. Mr. Rosenbaum appeals raising four assignments of error for our review. We group certain assignments of error to aid our analysis.

II.

### THE CITY APPELLANTS' ASSIGNMENT OF ERROR 1

**THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS' MOTION TO INTERVENE WAS UNTIMELY.**

{¶7} In their first assignment of error, the City Appellants argue the trial court erred in determining the motions to intervene were untimely. We disagree.

{¶8} Civ.R. 24 states:

(A) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In

exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(C) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

{¶9} "We review a trial court's determination of a motion to intervene for an abuse of discretion." *Heiney v. Godwin*, 2004-Ohio-2117, ¶ 6 (9th Dist.). An abuse of discretion occurs when a trial court's decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound. *See James v. Ohio Edison Co.*, 2025-Ohio-1046, ¶ 4 (9th Dist.). "Intervention after a trial court has entered final judgment is unusual and ordinarily will not be permitted." *Kourounis v. Raleigh*, 89 Ohio App.3d 315, 318 (9th Dist. 1993). "Civ.R. 24 requires that a motion for intervention be timely, but does not define what 'timely' is." *Id*. "Thus, whether an application to intervene is timely is to be determined from the facts and circumstances of a particular case within the discretion of the trial court." *Id*.

{¶10} The Supreme Court of Ohio has set forth factors to consider in making the determination as to the timeliness of a motion to intervene:

(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998).

{¶11} Here, in denying the motions to intervene as untimely, the trial court stated, in part:

Ohio cases have considered such motions and analyzed them under Civil Rule 24 as these Movants urge this Court to do.

. . .

> Most cases involved active criminal prosecutions.[] Movants, the would-be intervenors here, seek to intervene in a closed criminal case, one in whose indictment was dismissed three years ago against Defendant Nancy Smith. The stated purpose of the intervention is to seek Civ.R. 60(B) relief from the [c]ourt's order dismissing the case and returning it to active prosecution or a prior status.

. . .

> Intervention under Civ.R. 24(A)(2) presupposes on-going litigation. It requires property or a transaction that is the subject of the action. In the present situation there is no on-going action, no property or transaction remaining as its "subject" because it is a dismissed case. The rule addresses the situation where disposition of the action may "impair or impede" the intervenors in protecting their interests and in so doing, it speaks of current litigation and future disposition of the action and the need to give intervenors access to the forum now to protect their interests. The [c]ourt finds no precedent for permitting intervention when the criminal litigation has already concluded and no lawful basis for permitting it here.

. . .

> The [c]ourt concludes Movants' motions to intervene are untimely because the criminal action has been dismissed [pursuant to Crim.R. 48(A)] and the [c]ourt lacks jurisdiction to re-open it and to do so would violate [Ms. Smith's] constitutional rights.

The trial court also indicated that the fact Appellants failed to satisfy Civ.R. 24(C)'s requirement that the motions be accompanied by a pleading as defined in Civ.R. 7(A) "is telling" because it signals that Appellants "do not fit the grounds for intervention set out in Civ.R. 24." *Upper Arlington City Sch. Dist. Bd. of Educ. v. Upper Arlington Bldg. Dept.*, 2021-Ohio-3718, ¶ 37 (10th Dist.) ("Jane Doe's failure to attach a pleading to her motion to intervene as required by Civ.R. 24(C) also illustrates her lack of a legally cognizable interest in this litigation.").

{¶12} Upon review of this record, this Court cannot say the trial court abused its discretion in denying the City Appellants' and Mr. Rosenbaum's motions to intervene. The State of Ohio terminated the case against Ms. Smith, pursuant to Crim.R. 48(A), meaning there is no longer an indictment against Ms. Smith; the charges against Ms. Smith no longer exist. Appellants seek

intervention in order to reinstate a Sentencing Agreement wherein, among other things, Ms. Smith agreed not to file civil actions against Appellants in state or federal court for wrongful imprisonment. There can be no sentencing agreement, however, between Ms. Smith and the State of Ohio where there are no pending charges. Additionally, re-opening this case to allow Appellants the opportunity to intervene would greatly prejudice Ms. Smith and violate her constitutional right against double jeopardy. Ms. Smith was already tried and convicted of the charges in the indictment that have now been dismissed, and Ms. Smith has already served prison time for her convictions based upon those charges. Three years had elapsed before Appellants moved to intervene in this closed criminal matter, after Ms. Smith's civil lawsuits were filed.[1] Indeed, this matter is fraught with unusual circumstances mitigating against intervention. As such, the trial court did not abuse its discretion in denying the Appellants' motions to intervene. *See State ex rel. First New Shiloh Baptist Church*, 82 Ohio St.3d at 503.

{¶13} Accordingly, the City Appellants' first assignment of error is overruled.

### THE CITY APPELLANTS' ASSIGNMENT OF ERROR 2

**THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WERE NOT ENTITLED TO INTERVENTION AS OF RIGHT.**

### THE CITY APPELLANTS' ASSIGNMENT OF ERROR 3

**THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS WERE NOT ENTITLED TO PERMISSIVE INTERVENTION.**

### THE CITY APPELLANTS' ASSIGNMENT OF ERROR 4

**THE TRIAL COURT ERRED IN HOLDING THAT THE TRIAL COURT LACKED JURISDICTION TO REINSTATE THE SENTENCING AGREEMENT ON THE BASIS OF MISTAKE.**

---

[1] We note that this Court's decision does not preclude Appellants from raising any civil issues regarding the Sentencing Agreement in any of the pending civil lawsuits or in any newly filed civil lawsuits that may arise.

**THE CITY APPELLANTS' ASSIGNMENT OF ERROR 5**

**THE TRIAL COURT ERRED IN HOLDING THAT THE TRIAL COURT LACKED JURISDICTION TO REINSTATE THE SENTENCING AGREEMENT ON THE BASIS OF MATERIAL MISREPRESENTATIONS MADE TO THE COURT.**

**THE CITY APPELLANTS' ASSIGNMENT OF ERROR 6**

**THE TRIAL COURT ERRED IN HOLDING THAT TO REINSTATE THE SENTENCING AGREEMENT WOULD VIOLATE [MS.] SMITH'S CONSTITUTIONAL RIGHTS.**

**MR.  ROSENBAUM'S ASSIGNMENT OF ERROR 1**

**THE TRIAL COURT ERRED WHEN IT HELD THAT THE MOTION TO INTERVENE WAS A CRIMINAL MATTER AND THAT THE "STATED PURPOSE OF THE INTERVENTION IS TO SEEK CIV.R. 60(B) RELIEF FROM THE COURT'S ORDER DISMISSING THE CASE AND RETURNING IT TO ACTIVE PROSECUTION OR A PRIOR STATUS" BECAUSE THE SENTENCING AGREEMENT WAS A CIVIL CONTRACT MATTER.**

**MR.  ROSENBAUM'S ASSIGNMENT OF ERROR 2**

**THE TRIAL COURT ERRED WHEN IT HELD THAT "FURTHER, THE ORIGINAL PARTIES HAVE ENJOYED THE BENEFITS OF THE[I]R AMENDED AGREEMENT FOR THREE YEARS AND NOTHING ABOUT THE WOULD-BE INTERVENORS' INTERESTS JUSTIFIES DISRUPTING THE ORIGINAL PARTIES' AGREEMENT WHICH THEY DEVOTED TIME AND EXPENSE TO REACH."**

**MR.  ROSENBAUM'S ASSIGNMENT OF ERROR 3**

**THE TRIAL COURT ERRED WHEN IT HELD THAT [MR.] "ROSENBAUM HAD THE OPPORTUNITY AND MOTIVATION TO RAISE HIS INTEREST PRIOR TO THE COURT DISMISSED [SIC] THE MATTER BUT DID NOT DO SO."**

**MR. ROSENBAUM'S ASSIGNMENT OF ERROR 4**

**THE TRIAL COURT ERRED WHEN IT HELD THAT [MR.] ROSENBAUM'S BID TO BE HEARD FAILED  BECA[U]SE HE DID NOT ATTACH A PLEADING PURSUANT TO CIV.R. 24 AND 7(A).**

{¶14}   Based upon this Court's resolution of the City Appellants' first assignment of error, that the City Appellants' motion to intervene is untimely, the City Appellants' remaining five assignments of error are moot.  *See* App.R. 12(A)(1)(c).

{¶15}   Mr. Rosenbaum's assignments of error are based upon the filing of his own motion to intervene, which the trial court also denied as untimely.  For the reasons stated in addressing the City Appellants' first assignment of error, the trial court correctly concluded that Mr. Rosenbaum's motion to intervene was untimely.  Because all of Mr. Rosenbaum's assignments of error are related to his untimely motion to intervene, Mr. Rosenbaum's assignments of error are overruled.

III.

{¶16}   For the foregoing reasons, the City Appellants' first assignment of error is overruled.  The City Appellants' remaining five assignments of error are moot.  Mr. Rosenbaum's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

PATRICK D. RILEY, Law Director, and SCOTT BOWLES, Assistant Prosecuting Attorney, for Appellant.

JONATHAN E. ROSENBAUM, pro se, Appellant.

ROBERT W. POMMER, III, HILDA KAJBAF, COURTLAND CUEVAS and EAMON J. WIZNER, Attorneys at Law, for Appellee.