THE STATE, EX REL. SMITH, APPELLANT, *v.* ADULT
PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *State, ex rel. Smith, v. Ohio Adult
Parole Auth.* (1991), 61 Ohio St.3d 602.]

(No. 91–780—Submitted June 4, 1991—Decided August 28, 1991.)

Lani R. Smith, pro se.

Lee I. Fisher, Attorney General, and Steven W. Ritz, for appellee.

---

Per Curiam. We affirm the decision of the court of appeals. Even though appellant did not file a copy of his notice of appeal in this court within thirty days of filing it with the court of appeals as required by Section 1(B), Rule I of the Rules of Practice of the Supreme Court of Ohio, we exercise our discretion and decline to dismiss the appeal under Section 1, Rule II. This section states that for a violation of Section 1(B), Rule I, "the Supreme Court may refuse to accept such copy for filing or may dismiss the appeal, on its own motion or on motion of a party, for lack of prosecution." (Emphasis added.)

Appellant's complaint stated that he had a hearing, but that he had not received the due process afforded him by Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. However, the complaint failed to state any specific violations of the Morrissey requirements or to plead sufficient facts or offer any proof that would entitle him to a writ of mandamus. We held in Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193, 532 N.E.2d 753, 756, that unsupported conclusions are not considered admitted and are not sufficient to withstand a motion to dismiss.

After the final judgment was entered, appellant moved to amend his complaint to state a cause of action upon which relief could be granted. The court of appeals denied that motion. Appellant contends that his amendment should be allowed pursuant to Civ.R. 15.

Appellant's reliance on Civ.R. 15 is misguided. His amendment was not timely made and no apparent reason was given for the delay. The court in Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97, 99, 526 N.E.2d 107, 109, held that "[w]here a motion for leave to amend is not timely tendered and no

604

reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment."

For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.