RADIO PARTS COMPANY et al., Appellants,

v.

INVACARE CORPORATION, Appellee.

[Cite as *Radio Parts Co. v. Invacare Corp.,* 178 Ohio App.3d 192, 2008-Ohio-4777.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 07CA009192.

Decided Sept. 22, 2008.

Michael R. Stavnicky, for appellants.

Jeffrey Embleton, for appellee.

***

DICKINSON, Judge.

## INTRODUCTION

{¶ 1} Radio Parts Company and Apsco International worked together to sell circuit board assemblies to Invacare Corporation for use in Invacare's home medical equipment. After Invacare announced that it would be sending its business overseas, the companies agreed that Apsco would continue to supply Invacare's needs until the transition was complete. According to Radio Parts and Apsco, Invacare also agreed to buy whatever component parts Radio Parts and Apsco had in inventory when the project finally ended. When Invacare refused to do so, Radio Parts and Apsco sued. After voluntarily dismissing the case, they refiled nearly a year later. In this refiled suit, the trial court granted summary judgment to Invacare on all claims based on the statute-of-limitations defense that Invacare had pleaded in an amended answer after it had already moved for summary judgment on that basis. This court affirms because the trial court did not abuse its discretion in allowing Invacare to amend its pleading after moving for summary judgment, there are no genuine issues of material fact, and Invacare is entitled to judgment as a matter of law.

## FACTS

{¶ 2} This litigation began shortly after Invacare ended its relationship with Radio Parts and Apsco. Invacare manufactures, distributes, and sells home medical products. Radio Parts and Apsco are companies that had an ongoing business relationship with Invacare. Radio Parts supplied raw materials that Apsco used to assemble and test circuit boards to be used in Invacare products. In 1995, Apsco, Radio Parts, and Invacare entered into a written volume purchase agreement for circuit board assemblies. The agreement listed Invacare as the buyer, Apsco as the seller, and Radio Parts as Apsco's agent. The agreement covered a one-year period and was not extended in writing. The companies did continue the arrangement beyond that time, however, via blanket purchase orders and releases from Invacare to Apsco.

{¶ 3} At some point near the end of 1999 or the beginning of 2000, Invacare notified Apsco that it would be moving its circuit board assembly business to another company. The transition process was expected to take at least a year, and Apsco agreed to continue to supply Invacare's product needs during the

transition. According to Radio Parts and Apsco, Invacare agreed that at the end of the transition period, it would buy all remaining component parts that Radio Parts had purchased for the Invacare assemblies. Invacare denies having made such an agreement.

{¶ 4} In June 2003, Radio Parts and Apsco filed a breach-of-contract claim against Invacare based on Invacare's refusal to purchase the materials remaining when the relationship ended. The parties completed some discovery in that case, and Invacare filed a motion for summary judgment. Radio Parts and Apsco voluntarily dismissed that case on May 25, 2005, without responding to the motion for summary judgment. Radio Parts and Apsco's lawyer died some time after having dismissed the case.

{¶ 5} On May 19, 2006, Radio Parts and Apsco refiled the case against Invacare. The refiled complaint included claims for breach of contract, promissory estoppel, unjust enrichment, and action on account. A few days later, the complaint was amended to include, as a plaintiff, Nimbus, a joint venture between Apsco and Radio Parts. Invacare timely answered the amended complaint, but did not assert the affirmative defense of statute of limitations. After refusing to respond to written discovery requests, Invacare moved the court for a protective order. The trial court ordered limited discovery on the issue of the statute-of-limitations defense. Invacare then moved for summary judgment on that basis. After Radio Parts, Apsco, and Nimbus responded to the summary judgment motion, arguing that Invacare had forfeited the statute-of-limitations defense by not timely asserting it in its answer, Invacare moved the trial court for leave to amend its pleading under Civ.R. 15. The trial court granted Invacare leave to amend its answer.

{¶ 6} The trial court granted summary judgment to Invacare because it determined that there were no genuine issues of material fact and Invacare, Apsco, and Nimbus's claims were barred by the statute of limitations. The trial court applied the four-year statute of limitations found in Ohio's codification of the Uniform Commercial Code and held that Radio Parts and Apsco had voluntarily dismissed their original suit after that statute of limitations had expired. The trial court also applied the Uniform Commercial Code's six-month saving clause, as opposed to the general one-year saving clause found in Section 2305.19 of the Ohio Revised Code, holding that Radio Parts and Apsco had failed to refile their case in time to take advantage of that provision. The trial court further noted that even if Radio Parts and Apsco had refiled their claims six months earlier, the Uniform Commercial Code's saving provision does not apply to voluntarily dismissed cases.

{¶ 7} Radio Parts, Apsco, and Nimbus have appealed, arguing that the trial court erred by allowing Invacare to amend its answer to assert the statute-of-

limitations defense and by granting it summary judgment. They have argued that summary judgment should not have been granted because (1) the Uniform Commercial Code statute of limitations is not applicable, (2) the ruling was based on a misunderstanding of the Uniform Commercial Code's saving clause, (3) there was not an identity of parties or claims between this case and the original action, (4) there was no sale in this case, (5) the Uniform Commercial Code statute and the Ohio Rules of Civil Procedure are in conflict, and (6) there is a genuine issue of material fact regarding the running of the statute of limitations.

## AMENDMENT OF PLEADING

{¶ 8} Radio Parts, Apsco, and Nimbus have argued that the trial court erred by allowing Invacare to amend its answer to assert the statute-of-limitations defense after discovery was complete and Invacare had moved for summary judgment. Invacare has responded that the trial court properly granted leave to amend the answer under Civ.R. 15.

{¶ 9} An appellate court applies an abuse-of-discretion standard of review to a trial court's decision to grant a party leave to amend a pleading. *Wilmington Steel Prods. Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. Civ.R. 8(C) requires that in a responsive pleading, a party must "set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." Although failure to adhere to this requirement exposes the party to forfeiture of the defense, "[i]n the real world * * * failure to plead an affirmative defense will rarely result in [forfeiture]" because of the protection of Civ.R. 15(A). *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 5, 12 OBR 1, 465 N.E.2d 377, quoting *Bobbitt v. Victorian House Inc.* (N.D.Ill.1982), 532 F.Supp. 734, 736.

{¶ 10} Civ.R. 15(A) allows for amendment of pleadings by leave of court or by written consent of the other party after a responsive pleading has been made. A party may seek leave to amend at any time, including, under certain circumstances, after trial. See Civ.R. 15(B). Rule 15(A) provides, "Leave of court shall be freely given when justice so requires." The Ohio Rules of Civil Procedure were intended to promote the resolution of cases on their merits rather than on pleading deficiencies. *Hoover*, 12 Ohio St.3d at 5, 12 OBR 1, 465 N.E.2d 377. Accordingly, a party's initial failure to plead a defense "should prevent its later assertion only if that will seriously prejudice the opposing party." Id.

{¶ 11} The Ohio Supreme Court has held that "a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice * * *." *Hoover*, 12 Ohio St.3d at 6, 12 OBR 1, 465 N.E.2d 377. Courts have

found undue prejudice, for example, when a defendant has waited to add affirmative defenses until a time when the plaintiff could not adequately prepare to respond. *St. Marys v. Dayton Power & Light Co.* (1992), 79 Ohio App.3d 526, 536, 607 N.E.2d 881 (defendant moved for leave to amend minutes before a hearing). This court has found undue delay and prejudice when plaintiffs waited 25 months to amend, allowing the opposing party to waste significant time and resources pursuing the case. *L.E. Sommer Kidron Inc. v. Kohler,* 9th Dist. No. 06CA0044, 2007-Ohio-885, 2007 WL 634428, at ¶ 39–41.

{¶ 12} Radio Parts, Apsco, and Nimbus have argued that Invacare forfeited the statute of limitations defense by moving for summary judgment before properly pleading it. They have cited *Mossa v. W. Credit Union Inc.* (1992), 84 Ohio App.3d 177, 181, 616 N.E.2d 571, and *Motorist Ins. Cos. v. Shields* (Jan. 29, 2001), 4th Dist. No. 00CA26, 2001 WL 243285 at *3, for the proposition that an affirmative defense cannot properly be raised during summary judgment proceedings. In each of those cases, however, the defense was forfeited because the defendant had failed to move for leave to amend its answer to include the defense, even after having moved for summary judgment.

{¶ 13} Invacare first raised the statute-of-limitations defense in its motion for summary judgment. Invacare filed that motion on November 6, 2006, nearly six months after the case had been refiled. Radio Parts moved for an extension of time to respond to the summary judgment motion, and the court ordered a period of limited discovery regarding the statute-of-limitations defense. It appears that the prospect of forfeiture of the statute-of-limitations defense was first raised by Radio Parts, Apsco, and Nimbus on April 13, 2007, when they filed their brief in opposition to summary judgment. Two weeks later, Invacare moved for, and was granted, leave to amend its answer to properly assert the defense.

{¶ 14} Radio Parts, Apsco, and Nimbus have not cited any authority for the proposition that amendment of pleadings under Civ.R. 15 is improper after the pleadings have closed and summary judgment proceedings have begun. They have not presented any evidence of bad faith or argued that they were unduly prejudiced by the delayed amendment. It does not appear that Radio Parts, Apsco, and Nimbus faced any obstacles from the amendment that they would not have faced had Invacare originally pleaded the defense. See *Hoover,* 12 Ohio St.3d at 6, 12 OBR 1, 465 N.E.2d 377. The trial court did not abuse its discretion by permitting Invacare to amend its answer during summary judgment proceedings. The first assignment of error is overruled.

## SUMMARY JUDGMENT

{¶ 15} In their remaining six assignments of error, Radio Parts, Apsco, and Nimbus have argued that the trial court incorrectly granted summary judgment

to Invacare. The assignments of error have been reorganized for ease of review. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard that a trial court is required to apply in the first instance: whether there are any genuine issues of material fact, and whether the moving party is entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121.

## THE U.C.C. STATUTE OF LIMITATIONS

{¶ 16} Radio Parts, Apsco, and Nimbus's second assignment of error is that the trial court incorrectly applied R.C. 1302.98 as the statute of limitations in this case because they did not plead any claims under the Uniform Commercial Code ("U.C.C.") or seek any U.C.C. remedies. They have argued that "[a]t worst, the contract claim would be dismissed, but the promissory estoppel, account and quasi contract claims would continue." In response, Invacare has argued that the U.C.C. applies to all counts because this case involves merchants disputing claims relating to an alleged contract for the sale of goods.

{¶ 17} In considering whether a cause of action is time-barred, courts must determine "the true nature or subject matter of the acts giving rise to the complaint." *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 536, 629 N.E.2d 402. Courts must consider the "essential character" of a plaintiff's claim, rather than the form of the pleadings. Id., quoting *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166, syllabus. The Ohio Supreme Court has held that the form of the pleading is "immaterial" to the determination of which statute of limitations applies. Id., quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298. The party's creativity in pleading "cannot be allowed to mask or change the fundamental nature of [the] causes of action." Id. at 537, 629 N.E.2d 402.

{¶ 18} Radio Parts, Apsco, and Nimbus alleged four causes of action in this case: breach of contract, unjust enrichment, promissory estoppel, and action on account. Each of the claims is based on the same allegation: Invacare failed to accept delivery and pay for items it had agreed to purchase from its long-time supplier. Regardless of the creativity in pleading, the fundamental nature of these claims is the same: breach of a sales contract. See id. at 536, 629 N.E.2d 402.

{¶ 19} R.C. Chapter 1302 is Ohio's codification of the Uniform Commercial Code. According to R.C. 1302.02, the chapter applies to all "transactions in goods," except that it does not affect any statute regulating sales to "consumers, farmers, or other specified classes of buyers." The statute defines [g]oods as all things (including specially manufactured goods) which are movable at the time of

identification to the contract for sale. R.C. 1302.01(A)(8). The circuit-board assemblies and component parts fit this definition, and Radio Parts, Apsco, and Nimbus have not argued to the contrary. They also have not argued that Invacare falls into a statutory exception for certain classes of buyers. All parties to this alleged purchase agreement were merchants "who deal[ ] in [these] goods." R.C. 1302.01(A)(5). The essential character of the agreement that Radio Parts, Apsco, and Nimbus claim that they made with Invacare called for the purchase of certain goods. Therefore, regardless of the way they pleaded their claims, R.C. Chapter 1302 applies, and the second assignment of error is overruled.

{¶ 20} Radio Parts, Apsco, and Nimbus's fifth assignment of error is that the U.C.C. does not apply because Invacare refused to purchase the excess materials, so there was no "sale" in this case. According to them, because the sale was never consummated, the four-year statute of limitations found in R.C. 1302.98(A) is not applicable. Invacare has responded by arguing that the dispute is among merchants regarding an alleged contract for the sale of goods, so the statute applies regardless of the fact that Invacare never received or paid for the goods.

{¶ 21} Radio Parts, Apsco, and Nimbus's claims are based on their allegation that Invacare promised to purchase certain materials in the future and later refused. Each claim rests on that central allegation. R.C. Chapter 1302 defines a "contract for sale" as including "a contract to sell goods at a future time." R.C. 1302.01(A)(11). Radio Parts, Apsco, and Nimbus have alleged that they entered such a contract with Invacare for the sale of leftover component parts when Apsco's production of the assembled circuit boards was terminated. The statute applies to "action[s] for breach of any contract for sale," regardless of whether the goods ever physically changed hands. See R.C. 1302.98(A). Ohio's version of the U.C.C. applies to these claims, and Radio Parts, Apsco, and Nimbus's fifth assignment of error is overruled.

## ACCRUAL OF THE CAUSE OF ACTION

{¶ 22} Radio Parts, Apsco, and Nimbus have argued that summary judgment was inappropriate because there is a genuine issue of material fact regarding when the statute of limitations began to run. Section 1302.98(B) provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Although it can be difficult to determine precisely when a party breached, this court has held that "[a] breach occurs upon any failure to perform a contractual duty." *O'Bryon v. Poff*, 9th Dist. No. 02CA0061, 2003-Ohio-3405, 2003 WL 21487756, at ¶ 13.

{¶ 23} In this case, the question is when Invacare breached its alleged promise to buy excess materials. Radio Parts, Apsco, and Nimbus cannot pinpoint a date

when they claim Invacare agreed to pay for the parts and have not presented any evidence of a date when they demanded payment from Invacare for the disputed parts. They have argued that the cause of action accrued sometime "between 2001 (after the full calendar year 2000 shipments) and the date of filing of the Complaint in May 2003." According to them, because Invacare continued to purchase assemblies from Apsco throughout 2000, "the earliest possible time of discovery" must be 2001. Invacare has argued that if a cause of action exists, it accrued "at the latest in August 2000, when Plaintiffs–Appellants received [the] fax from Invacare [rejecting their demand for payment]." The trial court agreed with Invacare.

{¶ 24} Radio Parts, Apsco, and Nimbus have argued that the breach could not have occurred until after August 2000, because Elayne Winkleman, a former Invacare employee, testified that "at the time that she stopped working for Invacare, in August 2000, Invacare had not yet broken its promise to purchase [Radio Parts's] inventory." Invacare has argued that Radio Parts, Apsco, and Nimbus have mischaracterized that testimony and that the cause of action must have accrued by August 28, 2000, when Invacare faxed Apsco a letter denying responsibility for the excess and obsolete materials.

{¶ 25} A review of the record reveals that on June 1, 2000, Kate Richardson of Apsco sent a letter to Elayne Winkleman of Invacare regarding "HANDHELD OBSOLETE MATERIAL." According to the letter, Richardson attached "a spreadsheet detailing the material that is obsolete due to the Hand Held Analyzer assembly going end of life," including the costs associated with each item. Richardson then asked what purchase-order number should be used to ship the material. The letter did not indicate that an amount certain was due upon receipt. On August 28, 2000, a different employee of Invacare responded by faxing a letter to Richardson indicating that Invacare did not have an obligation to purchase the surplus materials at the end of the project.

{¶ 26} Winkleman testified that while she was working for Invacare, the company learned that Apsco expected Invacare to buy the surplus component parts when the project ended. According to Winkleman, she forwarded the emails to her supervisor because she did not have authority to make that decision. Winkleman testified that she did not know when the issue was resolved because she left her employment in August 2000 and had not heard that it was resolved by that time. Her testimony does not create a genuine issue of material fact regarding when the cause of action accrued.

{¶ 27} It is not clear when Invacare was expected to have paid for the surplus materials. In any event, the cause of action accrued no later than the date Apsco learned that Invacare refused to purchase the items. See *Harris v. Oliver* (Nov. 28, 2001), 9th Dist. No. 20508, 2001 WL 1509201 at *2. Regardless of whether

Invacare was still purchasing circuit-board assemblies from Apsco, the August 28, 2000 letter notified Apsco of Invacare's refusal to take responsibility for the surplus material. The evidence showed that Radio Parts was Apsco's agent. Therefore, the cause of action accrued by the time Invacare notified Apsco that it would not purchase the disputed parts. Viewing the facts in a light most favorable to the nonmoving party, we conclude that there is no genuine issue of material fact regarding whether the cause of action accrued after August 28, 2000. The trial court correctly held that the causes of action accrued in August 2000, and Radio Parts, Apsco, and Nimbus's seventh assignment of error is overruled.

## SAVING CLAUSE UNDER THE U.C.C.

{¶ 28} Radio Parts, Apsco, and Nimbus's third assignment of error is that the trial court "incorrectly read and applied R.C. 1302.98." R.C. 1302.98(A) provides, "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." It goes on to provide for voluntary shortening of that limitation to "not less than one year," if a provision doing so is included in the parties' original agreement. R.C. 1302.98(A). R.C. 1302.98(C) provides:

> Where an action commenced within the time limited by division (A) of this section is so terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

{¶ 29} Radio Parts, Apsco, and Nimbus have read R.C. 1302.98 to mean that the six-month saving clause found in subsection (C) applies only the parties have voluntarily limited claims to something less than the four years permitted by the statute. Furthermore, they have argued that this section's exception for voluntary dismissals means that Ohio's general one-year saving clause should apply in cases in which there has been a voluntary dismissal. They have not cited any authority in support of these arguments.

{¶ 30} The trial court held that Radio Parts, Apsco, and Nimbus's claims were time-barred because Radio Parts and Apsco refiled more than six months after dismissing the case. It also held, based on the authority of *Internatl. Periodical Distribs. v. Bizmart Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, that, because Radio Parts and Apsco voluntarily dismissed the case after the statute of limitations had expired, they could not have taken advantage of the six-month saving clause.

{¶ 31} Saving clauses generally provide a window of opportunity for refiling claims that were dismissed without prejudice after the statute of limitations his expired. Ohio's general saving statute provides that if a "plaintiff fails otherwise than upon the merits," he has one year to refile. R.C. 2305.19(A). Radio Parts, Apsco, and Nimbus have argued that R.C. 2305.19(A) applies to allow one year from the date of the voluntary dismissal for this case to have been refiled.

{¶ 32} The Ohio Supreme Court has held that "[t]he saving statute to be applied to a commercial sales action is R.C. 1302.98(C)." *Bizmart Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, at syllabus. In *Bizmart*, a seller sued a buyer for unpaid bills for magazines allegedly delivered over the course of several years. Id. at ¶ 2. After the four-year statute of limitations expired, the seller voluntarily dismissed its claims. The seller refiled its suit more than six months, but less than one year later. The Ohio Supreme Court applied the U.C.C.'s six-month saving clause in R.C. 1302.98(C) rather than the general one-year saving clause because the underlying contract was for the sale of goods. Id. at ¶ 21. Thus, the seller's claims were time-barred. Id. at ¶ 29.

{¶ 33} In this case, when Radio Parts and Apsco voluntarily dismissed their case, the four-year statute of limitations had expired. They refiled their case on May 19, 2006, nearly a year after their May 25, 2005 voluntary dismissal. The six-month saving clause of R.C. 1302.98(C) applies, rather than the one-year general provision, because the U.C.C. applies to disputes over contracts for the sale of goods. Radio Parts and Apsco refiled their complaint nearly six months too late to take advantage of that provision, regardless of the effect a voluntary dismissal may have had on its applicability. Therefore, the trial court correctly granted Invacare summary judgment based on the statute-of-limitations defense. Radio Parts and Apsco's claims are time-barred, and their third assignment of error is overruled.

### IDENTITY OF CLAIMS AND PARTIES

{¶ 34} Radio Parts, Apsco, and Nimbus have argued that the refiled complaint instituted a new action rather than a continuation of the case against Invacare filed in June 2003. They have further argued that, "[e]ven assuming that the UCC now bars re-filing of [the] lawsuit, it could never act to bar new claims or new parties." This argument ignores the fact that saving clauses are designed to breathe new life into claims that would otherwise be time-barred because the statute of limitations has expired.

{¶ 35} This court has held, in discussing the preceding assignments of error, that the four-year statute of limitations found in R.C. 1302.98(A) applies to each of Radio Parts, Apsco, and Nimbus's claims. This court has also held that the causes of action accrued no later than August 28, 2000. To the extent that Radio

Parts or other plaintiffs filed a new action in May 2006, the claims were time-barred long before they were filed. This assignment of error is overruled.

## CONFLICT BETWEEN STATUTE AND RULE OF CIVIL PROCEDURE

{¶ 36} Radio Parts, Apsco, and Nimbus have argued that because the six-month saving clause of R.C. 1302.98(C) conflicts with Civ.R. 41(A), the Rule must prevail to invalidate the statute on this procedural issue. Contrary to their assertion in their reply brief to this court, they did not make this argument to the trial court. Therefore, this court is not obliged to review this assignment of error. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated in part on other grounds by *Williams v. Ohio* (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156; see also *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629.

{¶ 37} In any event, the argument must fail because it is moot. Radio Parts, Apsco, and Nimbus have argued that "[u]nder the trial court's misapplication and misinterpretation of the UCC, the Ohio Supreme Court's Rules of Civil Procedure and Ohio's Saving Clause have no weight or effect in any dealings between merchants" because R.C. 1302.98(C) destroys the two-dismissal rule. This argument applies only to the trial court's ruling that, because Radio Parts and Apsco voluntarily dismissed their original suit, they could not take advantage of the six-month saving clause under R.C. 1302.98(C). This holding was based on the authority of *Bizmart* and the language of the saving clause indicating an exception for cases in which "the termination resulted from voluntary discontinuance." R.C. 1302.98(C). That determination was not necessary to support the holding in either *Bizmart* or this case because in each case, the complaint was refiled more than six months after it had been voluntarily dismissed. This court refrains from considering this interpretation of R.C. 1302.98(C) because it is not necessary to the determination of the issues presented for review. Radio Parts, Apsco, and Nimbus's sixth assignment of error is, therefore, moot and is overruled on that basis.

## CONCLUSION

{¶ 38} Radio Parts, Apsco, and Nimbus's claims are barred by the applicable statute of limitations. There is no genuine issue of material fact regarding the running of the statute of limitations, and Invacare is entitled to judgment as a matter of law on that basis. The trial court's decision to allow Invacare to amend

its answer to add the affirmative defense of statute of limitations after it had moved for summary judgment was not an abuse of discretion.   Therefore, the judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

CARR, P.J., and SLABY, J., concur.