[Cite as *Lathan v. Lathan*, 2020-Ohio-5602.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

REGINALD LATHAN

    Appellant

    v.

SHARNAE LATHAN

    Appellee

C.A. No.     29160

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013-07-3525

DECISION AND JOURNAL ENTRY

Dated: December 9, 2020

---

PER CURIAM.

{¶1}    Reginald Lathan appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    In 2013, Mr. Lathan, appearing pro se, filed a complaint, which was subsequently amended. Therein, Mr. Lathan alleged that his daughter, Sharnae Lathan, and others not relevant to this appeal, had defamed him by falsely asserting that he had sexually abused her and others. In 2014, Ms. Lathan filed her answer, as well as counterclaims for emotional distress and sexual abuse. In her counterclaim, Ms. Lathan stated that, "[s]ince 1986 through present, there have been significant periods of time in which Sharnae Lathan, as a result of the sexual and emotional abuse, had mental disabilities which tolled any statute of limitations." Mr. Lathan filed an answer wherein he "denie[d] each and every allegation contained in [Ms. Lathan's] counterclaim." He did not raise any affirmative defenses. In late 2014, Mr. Lathan retained counsel to represent him.

{¶3} In September 2015, the trial court dismissed the amended complaint without prejudice for the failure to commence the action within one year of filing the amended complaint. Ms. Lathan's counterclaims were not resolved. In 2016, Mr. Lathan again filed a defamation action against Ms. Lathan and others. Ms. Lathan's counsel moved to consolidate the matter with the prior one in light of the still-pending counterclaims. The motion was granted.

{¶4} On July 10, 2018, Mr. Lathan filed two motions; one to dismiss the counterclaims due to the expiration of the statute of limitations and one to seeking to amend his answer to add the affirmative defense of the statute of limitations. Ms. Lathan opposed the motions and a hearing was held. Ultimately, the trial court denied both motions.

{¶5} The matter proceeded to a jury trial, whereby the jury found in favor of Ms. Lathan on Mr. Lathan's defamation claim and in favor of Ms. Lathan on her counterclaims for intentional infliction of emotional distress and battery. The jury awarded Ms. Lathan compensatory damages and punitive damages on each of Ms. Lathan's counterclaims, as well as an award of attorney fees.

{¶6} Mr. Lathan now appeals, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSTRUE THE PLEADINGS TO ESTABLISH A STATUTE OF LIMITATIONS DEFENSE SUBJECT TO DEFENDANT'S TOLLING CLAIM[.]

{¶7} In his first assignment of error, Mr. Lathan argues the trial court erred by failing to construe that the pleadings established a statute of limitations defense. We disagree.

{¶8} Civ.R. 8(C) provides that, "[i]n a pleading to a preceding pleading, a party shall set forth * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." Failure to set forth an affirmative defense, other than those listed in Civ.R. 12(B), acts

as a waiver if the defense was not raised in the pleadings or in an amendment to the pleadings. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). "[T]his [C]ourt has previously held that defenses such as * * * the statute of limitations * * * are not defenses that are specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B)." *Paul v. World Metals, Inc.*, 9th Dist. Summit No. 20130, 2001 WL 196513, *2 (Feb. 28, 2001).

{¶9} Mr. Lathan failed to assert statute of limitations as an affirmative defense, either in his answer to the counterclaim or in an amendment to the pleadings. Accordingly, the trial court did not err in finding that Mr. Lathan had waived the statute of limitations defense. The fact that Ms. Lathan asserted that the statute of limitations was tolled did not excuse Mr. Lathan's failure to raise the affirmative defense when he plead his answer. Even a broad interpretation of the Civil Rules would not permit a defense to be inferred under these circumstances.

{¶10} Mr. Lathan's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING AN AMENDMENT OF THE ANSWER TO ASSERT THE STATUTE OF LIMITATIONS BECAUSE NO PREJUDICE COULD HAVE RESULTED TO APPELLEE[.]

{¶11} In his second assignment of error, Mr. Lathan argues the trial court erred in denying his motion to amend his answer to include a statute of limitations affirmative defense. We disagree.

{¶12} The denial of leave to file an amended pleading is within the discretion of the trial court. *Hoover v. Sumlin*, 12 Ohio St.3d 1, 5 (1984). Accordingly, this Court will not disturb the denial of leave absent an abuse of discretion. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} As we noted above, Civ.R. 8(C) provides that, "[i]n a pleading to a preceding pleading, a party shall set forth * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." Failure to set forth an affirmative defense, other than those listed in Civil Rule 12(B), acts as a waiver if the defense was not raised in the pleadings or in an amendment to the pleadings. *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). Mr. Lathan never asserted the statute of limitations as an affirmative defense in his responsive pleadings to Ms. Lathan's counterclaims; furthermore, he did not seek to amend his answer as provided by Civ.R. 15 until 2 days prior to trial.

{¶14} Civ.R. 15(A) provides:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

{¶15} Although the language of Civ.R. 15(A) favors a liberal amendment policy, motions to amend pleadings pursuant to Civ.R. 15(A) should be denied if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Hoover* at 6; *Dobbins v. Kalbaugh*, 9th Dist. Summit Nos. 20918, 20920, and 20714, 2002-Ohio-6465, ¶ 12. "Prejudice to the opposing party is the most important factor to be considered." *Dobbins* at ¶ 12. "Courts should also consider the timeliness of the motion, although delay, *by itself*, should not preclude leave to amend." (Emphasis added.) *Id.* In addition, the Ohio Supreme Court has held that "'[w]here a motion for

leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment.'" *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604 (1991), quoting *Meadors v. Zaring Co.*, 38 Ohio App.3d 97, 99 (1st Dist.1987).

{¶16} In *Dobbins*, a case analogous to the present case, the matter had been pending for more than twenty-one months when the appellant filed a motion for leave to file an amended answer in order to assert a statute of limitations defense four days prior to trial. *Dobbins* at ¶ 15. In overruling the assignment of error, we noted that amendment would have prejudiced the appellees with regard to the amount of litigation costs and fees they would need to expend, and we concluded that "we [could not] say that the trial court abused its discretion when it denied the Kalbaughs' motion for leave to amend their answer filed four days prior to trial." *Id.* at ¶ 16.

{¶17} In this case, over four years had passed both since Mr. Lathan first asserted his claim by filing a defamation lawsuit against Ms. Lathan, and since Ms. Lathan filed her counterclaim. Mr. Lathan's motion to amend was filed only two days before trial. The delay in this case was substantial, and in conjunction with the timing of the motion, it was unduly prejudicial. At that late date in the litigation, substantial time and money would have been expended. Ms. Lathan had done extensive work to develop evidence to support her counterclaim, including the retention of two expert witnesses. Although not every delay, in and of itself, will rise to the level of prejudicing a party, the potential prejudicial effects of a delay should be considered, especially where the delay is substantial or undue. The particular circumstances of each case necessitate that a trial court have discretion in making such determinations. Here, in denying Mr. Lathan's motion, the trial court found there would be prejudice to Ms. Lathan "at this point in the case."

{¶18} We find no abuse of discretion in the trial court's denial of Mr. Lathan's motion to amend. Mr. Lathan's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING EXPERT OPINION TESTIMONY THAT APPELLEE WAS BEING TRUTHFUL AS TO HER CLAIMS OF SEXUAL ASSAULT BY APPELLANT.

{¶19} In his third assignment of error, Mr. Lathan argues the trial court erred by admitting expert testimony as to the truth of her claims of sexual assault, and points to exhibits A, B, C-1, C-2, and C-3 as collectively identifying him as having sexually abused Ms. Lathan.

{¶20} In his brief to this Court, Mr. Lathan states that exhibit A (a Social Security disability determination document) and exhibit B (a domestic violence civil protection order) were not authenticated in accordance with Evid.R. 902, but fails to elucidate any argument to that effect. Evid.R. 902 pertains to self-authentication, providing that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required" with respect to certain documents. In making this generalized claim, Mr. Lathan fails to identify any section or aspect of the rule that has not been satisfied. We will not attempt to speculate what error Mr. Lathan believes occurred, and refrain from developing his argument for him. "It is the duty of the appellant, not this [C]ourt, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619, *3 (Feb. 9, 1999). *See also* App.R. 16(A)(7). "It is not the obligation of an appellate court to search the record for evidence to support an appellant's claim of an alleged error." *In re J.S.*, 9th Dist. Summit No. 28154, 2016–Ohio–5120, ¶ 12.

{¶21} With regard to exhibits C-1, C-2, and C-3 (letters from a licensed independent social worker who treated Ms. Lathan for the purposes of applying for disability benefits), Mr.

Lathan claims that their "cumulative impact" was to put before the jury evidence that Ms. Lathan was "telling the truth." Mr. Lathan fails to support this argument as required by the Rules of Appellate Procedure.

{¶22} App.R. 16(D) provides, in pertinent part: "If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected." An appellate court may decline to address any alleged error if the appellant has failed to comply with Rule 16 of the Ohio Rules of Appellate Procedure. *Arn v. Arn*, 9th Dist. Summit No. 21078, 2003–Ohio–3794, at ¶ 15. Absent compliance with these procedures, this Court is unable to perform its proper reviewing function as Mr. Lathan's brief does not direct us to any objection to the introduction of the disputed evidence. We reiterate that it is an appellant's duty to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record; it is not the function of this Court to construct a foundation for his claims. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9.

{¶23} Finally, Mr. Lathan directs us to the testimony of Dr. Eileen Goldman, a family practice physician who treated Ms. Lathan from approximately 2003 through 2013. He first points to the testimony of Dr. Goldman on direct examination by opposing counsel indicating that she and the opposing counsel were personal friends and that Dr. Goldman was counsel's physician. Though noting that such a relationship raises questions, Mr. Lathan fails to assign any error to the trial court on this basis.

{¶24} Mr. Lathan next points to the following testimony, arguing that Dr. Goldman should not have been permitted to offer an opinion as to the truth of Ms. Lathan's claims:

> Q. At any point did you question the accuracy of what [Ms. Lathan] was telling you about what she claimed her father had done?

MR. ALEXANDER:  Objection.

THE COURT:  overruled.

\* \* \*

A.  No.

**{¶25}**  The decision of whether to admit evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Wightman v. Consol. Rail Corp.*, 86 Ohio St.3d 431, 437 (1999).  An abuse of discretion signifies more than merely an error in judgment; instead, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).  When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

**{¶26}**  Even if an abuse of discretion exists, however, it results in reversible error only if "the error affects the substantial rights of the adverse party or the ruling is inconsistent with substantial justice." *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, at ¶ 35, citing *O'Brien v. Angley*, 63 Ohio St.2d 159, 164-165 (1980).  "In order to determine whether substantial justice has been done, the reviewing court must weigh the prejudicial effect of the error and determine that the trier of fact probably would have made the same decision even if the errors had not occurred." *Hazard v. Klein*, 9th Dist. Summit No. 23148, 2007-Ohio-367, ¶ 12.

**{¶27}**  Mr. Lathan fails to elaborate any argument that would indicate that Dr. Goldman's testimony affected his substantial rights or was inconsistent with substantial justice.  He thus fails to show any prejudice that would support reversal on these grounds.  Although we recognize the potential for prejudicial effect, we find nothing to support the theory that the jury would have decided the case differently without the testimony in question.  Therefore, even if the trial court

erred in admitting the testimony, we conclude the trier of fact would have reached the same result absent its inclusion.

{¶28} Mr. Lathan's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING TESTIMONY OF SIMILAR ACTS WITNESSES[.]

{¶29} In his fourth assignment of error, Mr. Lathan argues the trial court erred by allowing the testimony of two witnesses (in order of their testimony, "Witness A" and "Witness B") who "testified as to acts they deemed sexual against them by appellant." Mr. Lathan argues this testimony was not relevant and should have been excluded because any probative value was substantially outweighed by the danger of unfair prejudice.

{¶30} Mr. Lathan's complaint filed in September of 2016 alleges: "All of the statements of [Ms. Lathan] made to and/or published on the internet and in the various forums as asserted herein, accusing plaintiff of sexually molesting her or anybody else are false, slanderous, libelous and defamatory." The complaint therefore sets forth a cause of action for defamation based, in part, upon statements made accusing Mr. Lathan of sexually molesting not only Ms. Lathan, but others as well.

{¶31} As to the testimony of Witness A, Mr. Lathan failed to offer a timely objection to the testimony at trial. The "failure to timely advise a trial court of possible error, by objection or otherwise, results in a [forfeiture] of the issue for purposes of appeal." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). With regard to Witness B, although Mr. Lathan objected to the testimony as constituting "similar acts" evidence, counsel for Ms. Lathan stated to the trial court the testimony was being offered because the incidents that the witness testified about had been information that the witness had shared with Ms. Lathan, which in turn Ms. Lathan had included

within her public statements that were the subject of Mr. Lathan's defamation claims. Accordingly, the trial court overruled Mr. Lathan's objection. Mr. Lathan's fourth assignment of error fails to address this the trial court's rationale for overruling his objection, and he offers no argument that would indicate that the trial court erred in overruling his objection on that basis.

{¶32} Mr. Lathan's fourth assignment of error is overruled.

### III.

{¶33} Mr. Lathan's assignments of error are overruled. The judgment of the Summit Count Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

CARR, P. J.
DISSENTING.

{¶34} I respectfully dissent from the judgment of the majority as I would sustain Mr. Lathan's second assignment of error.

{¶35} While it is true that "Civ.R. 8(C) requires that in a responsive pleading, a party must 'set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense[,]'" *Radio Parts Co. v. Invacare Corp.*, 178 Ohio App.3d 198, 2008-Ohio-4777, ¶ 9 (9th Dist.), quoting Civ.R. 8(C), "'[i]n the real world * * * failure to plead an affirmative defense will rarely result in [forfeiture]' because of the protection of Civ.R. 15(A)." *Radio Parts Co.* at ¶ 9, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 5 (1984).

{¶36} Civ.R. 15(A) states:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

{¶37} "Accordingly, a party's initial failure to plead a defense 'should prevent its later assertion only if that will seriously prejudice the opposing party.'" *Radio Parts Co.* at ¶ 10, quoting *Hoover* at 5. Thus, "the language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Gasper v. Bank of America, N.A.*, 9th Dist. Medina No. 17CA0091-M,

2019-Ohio-1150, ¶ 16, quoting *Hoover* at 6. "Prejudice to the opposing party is the most important factor to be considered." *Dobbins v. Kalbaugh*, 9th Dist. Summit Nos. 20918, 20920, 20714, 2002-Ohio-6465, ¶ 12. And while "[c]ourts should also consider the timeliness of the motion, * * * delay, by itself, should not preclude leave to amend." *Id*. "Indeed, even after the trial, Civ.R. 15(B) * * * would permit the amendment of the pleadings to reflect issues which were tried, explicitly or implicitly, with the consent of the parties." (Footnote omitted. Emphasis in original.) *Hoover*, 12 Ohio St.3d at 5.

{¶38} Here, Mr. Lathan did fail to include the affirmative defense of statute of limitations and did not move to amend his pleading to include the defense until days before the trial began. Thus, the delay is substantial. Notwithstanding, I would conclude that the trial court abused its discretion in denying the motion for leave to amend in light of the unique facts before the Court.

{¶39} In her counterclaim, while undeniably not required to do so, Ms. Lathan did specifically raise the issue of the statute of limitations. She stated that "[s]ince 1986 through present, there have been significant periods of time in which Sharnae Lathan, as a result of the sexual and emotional abuse, had mental disabilities which tolled any statute of limitations." In his pro se answer, Mr. Lathan "denie[d] each and every allegation contained in [Ms. Lathan's] counterclaim." No motions for summary judgment were filed in the matter. Mr. Lathan did raise the issue of statute of limitations in his trial brief, filed April 4, 2018. Then on July 10, 2018, Mr. Lathan filed a motion to amend his answer to include a statute of limitations affirmative defense and a motion to dismiss based upon the statute of limitations. Ms. Lathan opposed both motions.

{¶40} At the hearing on the motions, Mr. Lathan informed the trial court that "it came to [his] attention, when [he was] doing the trial briefs in this matter, that the defense was asserting that there's no statute of limitations in the case. And so – no statute of limitations issue in the case.

So what we tried [to] do is to correct the record so that it's clear that there is a statute of limitations issue in play in this case." Because Ms. Lathan raised the tolling of the statute of limitations in her counterclaim, Mr. Lathan thought the record was clear that the statute of limitations would be an issue. When he learned that the defense was asserting otherwise, he moved to amend the answer.

{¶41} Mr. Lathan pointed out that Ms. Lathan should not be prejudiced by the amendment because she was aware of the potential statute of limitations issue at the time she filed her counterclaims and that she planned to argue tolling to avoid the statute of limitations. Notably, one of the exhibits mentioned in Ms. Lathan's trial brief was a letter from a social worker detailing that Ms. Lathan was in the process of recovering repressed memories of abuse. Accordingly, it would appear from the record that Ms. Lathan had at her disposal evidence to defend against a statute of limitations challenge. Thus, it seems the time and expense Ms. Lathan expended in discovery would not all be wasted if Mr. Lathan was permitted to raise the statute of limitations defense.

{¶42} While the trial court found that the motion was not timely, particularly in light of a prior scheduling order, the scheduling order does not appear to address motions pursuant to Civ.R. 15(A); instead, the order addresses trial-related motions and dispositive motions. Based upon the record before this Court, including the discussion of the tolling of the statute of limitations in Ms. Lathan's counterclaim, I can only conclude that Ms. Lathan would not be prejudiced by the addition of the statute of limitations defense as she would "face[] no obstacles by the amendment which [she] would not have faced had the original pleading raised the defense." *Hoover*, 12 Ohio St.3d at 6.

{¶43} Given the foregoing, I would conclude it is unnecessary to resolve the merits of the remaining assignments of error, as I would sustain Mr. Lathan's second assignment of error. Accordingly, I respectfully dissent from the judgment of the majority.

APPEARANCES:

JAMES ALEXANDER, JR., Attorney at Law, for Appellant.

ROBERT M. GIPPIN, Attorney at Law, for Appellee.