[Cite as *James v. Ohio Edison Co.*, 2025-Ohio-1046.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOSEPH JAMES

    Appellee

    v.

OHIO EDISON COMPANY, et al.

    Appellant

C.A. No.    31224

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-11-3712

DECISION AND JOURNAL ENTRY

Dated: March 26, 2025

---

STEVENSON, Judge.

{¶1} Defendant-Appellant City of Akron ("City") appeals from the judgment of the Summit County Common Pleas Court denying the City's motion to amend its answer to Plaintiff-Appellee Joseph James's negligence complaint to assert the affirmative defense of recreational user immunity. For the reasons set forth below, this Court affirms.

I.

{¶2} In October 2022, Mr. James filed a negligence suit against the City and the Ohio Edison Company. His amended complaint alleged that "[p]laintiff was walking on the Summit Lake Towpath Trail near the lake when he came into contact with an electrical current. . . ." The City answered the complaint. During his August 2023 deposition, Mr. James stated that he entered the fenced-in area and approached the electrical equipment to feed ducks in the adjacent canal. Ten months later, in June 2024, the City moved for summary judgment and asserted the affirmative defense of recreational user immunity. Mr. James opposed the motion, asserting that the City

waived the recreational user immunity defense because the City did not plead it in response to Mr. James's amended complaint. Three days later, and 115 days prior to trial, the City moved for leave to file an amended answer to add the recreational user immunity defense. Mr. James responded in opposition. The trial court denied the City's motion.

{¶3} The City timely appealed and asserts one assignment of error for our review. The trial court's order denying the City's motion to amend is appealable pursuant to R.C. 2744.02(C) ("An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.").

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE CITY'S MOTION TO AMEND ITS ANSWER TO ASSERT THE AFFIRMATIVE DEFENSE OF RECREATIONAL USER IMMUNITY.**

{¶4} In addressing amendments to pleadings under Civ.R. 15(A), this Court has set forth the following:

> Civ.R. 15(A) provides that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it [. . . ]. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave of court must be "freely given when justice so requires." *Id. See also State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 504 (2001) ("The general policy of the rules favors liberal amendment of the pleadings."). *Nonetheless, a motion to amend pleadings should be denied upon a showing of "bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999), citing *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984), paragraph two of the syllabus. This Court must review an order that grants leave to amend a pleading for an abuse of discretion. *See State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, [] 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, [] 2015-Ohio-1999, ¶ 25 [(3d Dist.)].

(Emphasis added.) *Pietrangelo v. PolyOne Corp.*, 2021-Ohio-4239, ¶ 10 (9th Dist.). "[A] party's initial failure to plead a defense 'should prevent its later assertion only if that will seriously prejudice the opposing party.'" *Radio Parts Co. v. Invacare Corp.*, 2008-Ohio-4777, ¶ 10 (9th Dist.), quoting *Hoover* at 5.

{¶5} Additionally, "[w]here a motion for leave to amend is not timely tendered and *no reason is apparent to justify the delay*, a trial court does not abuse its discretion in refusing to allow the amendment." (Emphasis added.) *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604 (1991). *See also Gasper v. Bank of Am.*, 2019-Ohio-1150, ¶ 23 (9th Dist.); *Wallner v. Thorne*, 2010-Ohio-2146, ¶ 15 (9th Dist.)

{¶6} The City argues that the trial court arbitrarily denied its motion to amend without providing any reasoning for its decision and absent a showing that the City either acted in bad faith, caused undue delay, or that Mr. James would be seriously prejudiced by the amendment. The City claims that at the time of filing its answer, it could not have anticipated that recreational user immunity would be applicable to this case. The City also contends that Mr. James would not be prejudiced by the City's amended answer because he already responded to the City's arguments in favor of immunity in his response in opposition to the City's motion for summary judgment, and therefore, he will have ample time to prepare for trial on the immunity issue. The City further maintains that it did not act in bad faith or with undue delay because it sought to amend its answer 115 days before the matter was set for trial, thus again providing ample time for Mr. James to prepare for trial, especially "given the extensive discovery conducted by the parties on the nature of Summit Lake Park and the activity Mr. James was engaged in at the time of his injuries." The City submits that Mr. James will not "face[] any obstacles from the amendment that [he] would

not have faced had [the City] originally pleaded the defense" of recreational user immunity. *Radio Parts,* 2008-Ohio-4777, at ¶ 14 (9th Dist.).

**{¶7}** In support of its position, the City relies on our holding in *Radio Parts.* We concluded that the trial court did not abuse its discretion in granting a delayed amendment to defendant's answer after summary judgment proceedings had begun where plaintiffs did not present any evidence of bad faith or argue that they were unduly prejudiced. *Id*. at ¶ 14. We find *Radio Parts* inapplicable here because we were tasked with answering a different question than the one presented here; that is, whether the court abused its discretion in *granting* defendant's motion to amend its answer. *Id*. at ¶ 8. Furthermore, as will be explained further below, we find the facts in *Radio Parts* distinguishable.

**{¶8}** In support of his argument, Mr. James relies on the Supreme Court of Ohio's decision in *Turner*, 85 Ohio St.3d 95. In *Turner*, the Court concluded that the trial court abused its discretion in allowing a party to amend its answer to assert an affirmative defense when the motion was filed after a trial date was set and two years and ten months had passed since the litigation had commenced. *Id*. at 99. The *Turner* Court held that this delay was "prejudicial and untimely" given that the amended answer occurred after discovery was complete, experts had been retained, and plaintiff-appellants had already expended time, resources, and money to oppose the motion for summary judgment. *Id.* In reaching its decision, the *Turner* Court also found it determinative that the defendant was permitted to amend its answer to "assert and argue an obvious defense, which most likely would have terminated the litigation in the first instance, or at the very least, would have narrowed the issues remaining for resolution." *Id*. The *Turner* Court further explained,

> Moreover, we are particularly troubled by the fact that [the defendant's] motion did not give a rationale for its failure to properly assert this affirmative defense in its

answer to its original complaint or for its failure to do so in the ensuing two years and ten months. Thus, in the absence of any explanation, we find that [the defendant] should have attempted to amend its answer to include the [] defense prior to its initial motion for summary judgment, rather than in piecemeal motions which served no purpose but to delay the trial of this matter.

*Id. See also L.E. Sommer Kidson Inc. v. Kohler*, 2007-Ohio-885, ¶ 38-42 (9th Dist.) (applying *Turner*, we found undue prejudice when the counterclaim defendants waited 25 months to amend their answer without explanation, causing the opposing party to waste significant time and resources pursuing the case).

{¶9} The facts here are similar to those in *Turner*. The City's only explanation for not asserting the recreational user defense in its original answer was that it was not aware of Mr. James's recreational activity until it took his deposition. We do not find that explanation plausible based on the plain language of the complaint which identified Mr. James's location as walking on a hiking trail in a city park. Furthermore, regarding the City's delay in raising the defense until ten months after Mr. James's deposition, the City states that "[t]his delay, in itself, is insufficient to preclude the amendment of the City's Answer." Thus, while the City claims unconvincingly that it first became aware Mr. James was a recreational user during the deposition, it does not offer any reason for waiting so long after the deposition to amend its complaint, and instead, makes the bald statement that its delay in doing so was not a proper basis for the trial court's denial of the motion. As noted above, both the Supreme Court of Ohio and this Court have previously established that a trial court does not abuse its discretion in denying a motion to amend when an untimely motion offers no reason to justify the delay. *State ex rel. Smith*, 61 Ohio St.3d at 603-604; *Gasper,* 2019-Ohio-1150, at ¶ 23 (9th Dist.); *Wallner,* 2010-Ohio-2146, at ¶ 15 (9th Dist.).

{¶10} Moreover, unlike in *Radio Parts* where plaintiffs did not present any evidence of bad faith or argue they were unduly prejudiced by the delayed amendment, Mr. James has

sufficiently demonstrated that he would be unduly prejudiced. Mr. James argues that he was prejudiced by that delay because a trial date was set, discovery had been completed, experts had been retained and deposed, and his counsel had already expended time, resources, and money to oppose the motion for summary judgment. Mr. James states that should the City be permitted to amend its answer to include a new defense theory, he will need to seek a further continuance of the trial to allow for additional discovery and trial preparation on the issue of recreational user immunity, contrary to the City's assertion that further discovery would not be necessary. The City, as the party seeking to amend its answer to assert a new defense, is in no position to decide whether Mr. James will need to conduct additional discovery on that issue, which it has attempted to do by declaring that Mr. James has had ample time to conduct discovery. Decisions regarding legal strategy and procedural tactics in a case belong solely to the individual parties.

{¶11} Accordingly, based upon Mr. James's showing of undue delay and prejudice, we cannot conclude that the trial court abused its discretion in denying the City's untimely motion to amend its answer.

{¶12} Lastly, we turn to the City's argument that the trial court was required to issue detailed findings to support its ruling. In support, the City points to the language in *Hoover*, 12 Ohio St. 3d at 6, that "a motion for leave to amend should be granted absent a *finding* of bad faith, undue delay or undue prejudice to the opposing party." (Emphasis added.) The City argues that this means a trial court is required to grant a motion to amend unless it makes a specific finding of bad faith, undue delay, or undue prejudice, and since the trial court did not do that here, it abused its discretion. The City further notes that we recited the exact same language from *Hoover,* supra, in *Radio Parts* in our discussion of the legal standard for deciding motions to amend pleadings under Civ.R. 15(A). *Radio Parts* at ¶ 11. However, the term "finding" in *Hoover* was contained

only in dicta and is not part of the holding of the case, which as previously noted, is that "[t]he granting of a motion for leave to amend a pleading shall not be disturbed on appeal absent a *showing* of bad faith, undue delay or undue prejudice to the opposing party." (Emphasis added.) *Hoover* at paragraph two of the syllabus. The *Turner* Court also clearly interpreted *Hoover* to mean that a motion to amend pleadings should be denied upon a "showing," and not a "finding" by the trial court of "bad faith, undue delay, or undue prejudice to the opposing party." *Turner,* 85 Ohio St.3d at 99, citing *Hoover*, paragraph two of the syllabus. In upholding the trial court's denial of the City's motion to amend, we decided that Mr. James made a "showing" of undue prejudice and undue delay without explanation by the City. That determination satisfies the test in *Turner*.

{¶13}  Finally, under Civ.R. 52 ("Findings by the court"), absent a request in writing by one of the parties, the trial court was not required to issue detailed findings to support its ruling. Civ.R. 52 states that,

> When questions of fact are tried by the court without a jury, *judgment may be general for the prevailing party unless one of the parties in writing requests otherwise* before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.
>
> . . .
>
> Findings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56.

(Emphasis added.) In this case, the trial court's order denying the motion to amend is a "judgment" because it is a final appealable order under R.C. 2744.01(C) and R.C. 2505.02(B)(4).  Neither party in this case requested findings. Therefore, the trial court's judgment was permitted to be general in nature.  Even if the court's order was not a "judgment," the plain language of Civ.R. 52 states that it does not apply to motions other than those under Civ.R. 41(B)(2) and Civ.R. 23(G)(3).

A motion to amend under Civ.R. 15 is not included in the list of excluded motions. Therefore, as Civ.R. 52 would not apply to such a motion, no findings would be required, even upon request by one of the parties.

III.

**{¶14}** Accordingly, based on the foregoing, we conclude that the trial court did not abuse its discretion in denying the City's untimely motion to amend its answer. The City's single assignment of error is overruled.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
CONCURS.

SUTTON, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

DEBORAH S. MATZ, Director of Law, and JOHN CHRISTOPHER REECE, KIRSTEN L. SMITH, and VONSHEAY V. BROWN, Assistant Directors of Law, for Appellant.

MICHAEL E. CICCOLINI and MARIA T. CICCOLINI, Attorneys at Law, for Appellee.

BRIAN RAMM and JUSTIN L. MONDAY, Attorneys at Law, for Defendant Ohio Edison Co.